FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -6 1 P 2: 07

CLERK L. LaVictoire
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GREGORY BARBER, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO.: CV205-104 |
| JOSE M. VAZQUEZ, Warden, | : |
| Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Barber ("Barber"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Barber has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Barber was convicted in the Southern District of Florida after a jury trial of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.A. § 922(g). The Government moved to enhance Barber's sentence based on 18 U.S.C.A. § 924(e). Barber was sentenced to 210 months' imprisonment, five years' supervised release, and a $100.00 special assessment. (CR96-453, Doc. No. 29.) Barber filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. (CR96-453, Doc. No. 40.) Barber then filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255 in the Southern District of Florida, and his motion was denied. (CR96-

AO 72A
(Rev. 8/82)

453, Doc. No. 42.) Barber filed a motion to correct his sentence, and the Northern District of Florida denied this motion. (CR96-453, Doc. Nos. 43 and 47.) Barber appealed, and the Eleventh Circuit dismissed this appeal due to Barber's failure to pay the appropriate filing fee. (CR96-453, Doc. Nos. 48 and 51.) Barber filed a motion to correct his sentence pursuant to FED. R. CRIM. P. 35, which the Southern District of Florida denied. (CR96-453, Doc. Nos. 52 and 56.) The Florida court also denied Barber's motion for reconsideration. Barber filed a notice of appeal; the Eleventh Circuit vacated the Southern District of Florida's Order and remanded the case with instructions to dismiss the case for lack of jurisdiction. (CR96-453, Doc. No. 65.) Barber filed a FED. R. CIV. P. 60(b)(3) motion, claiming that the Florida court's decision was obtained through fraud contained in his Pre-Sentence Investigation Report. (CR96-453, Doc. No. 74.) This motion was denied, as was his motion for reconsideration. In 2005, Barber filed three (3) motions for relief from his sentence (CR96-453, Doc. Nos. 86, 89, and 91), and two (2) of these motions (Doc. Nos. 89 and 91) were still pending at the time Respondent filed his Motion to Dismiss.

In the instant petition, Barber contends that the district court exceeded its jurisdiction by sentencing him pursuant to 18 U.S.C.A. § 924(e) because this enhancement was not charged in the indictment. Barber also contends that the district court exceeded its jurisdiction because the judge instructed the jury to consider the ammunition and firearm separately. Barber further contends that one of his prior convictions was not a crime of violence.

Respondent avers that Barber's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Barber has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends

2

that to the extent Barber relies on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), neither of these applies retroactively to cases on collateral review. (Mot. to Dismiss, p. 4.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Barber has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He asserts that the remedy he requests would be barred from

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

consideration under section 2255. (Pet., p. 7.) Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Barber has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Barber has made

4

these same claims either in the court of his conviction or on appeal with the Eleventh Circuit Court of Appeals. Simply because the courts in his previously filed matters either rejected or declined to entertain Barber's claims does not render section 2255's remedy inadequate or ineffective. Barber has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

In sum, Barber cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Barber is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**, and Barber's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)