IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GREGORY BARBER,

    Petitioner,

vs.

CIVIL ACTION NO.: CV205-104

JOSE M. VAZQUEZ, Warden,

    Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Barber asserts that the sentencing court in his criminal case exceeded its jurisdiction by enhancing his sentence pursuant to 18 U.S.C.A. § 924(e). Barber contends that one of his prior convictions was improperly characterized as armed robbery rather than armed burglary, an offense which he alleges is not a crime of violence within the meaning of section 924.

As noted by the Magistrate Judge, Barber failed to satisfy the savings clause of 28 U.S.C.A. § 2255. In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), the Eleventh Circuit Court of Appeals held that the savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense;

AO 72A
(Rev. 8/82)

and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. The Eleventh Circuit also held that "the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Id. at 1245. It is only when a petitioner satisfies the savings clause of section 2255 that the "portal to a § 2241 proceeding" is opened. Id. In the absence of a retroactively applicable Supreme Court decision which overturned Eleventh Circuit Court of Appeals' precedent, this Court cannot review the merits of Barber's claims.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 5) is **GRANTED**. Barber's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, is **DISMISSED**. The Clerk of Court is authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 27th day of October, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2